UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
UNITED STATES OF AMERICA,

       -against-

PAUL LOVE,
                 Defendants.
---------------------------------------------------------X

S4 07 CR 3 (BSJ)

NOTICE OF MOTION

     PLEASE TAKE NOTICE, that upon the annexed affirmation and memorandum of law of JULIE A. CLARK, ESQ., sworn to the 25th day of June, 2008, and upon the indictment, and all other proceedings here, the defendant, PAUL LOVE, will move this Court on a day determined by this Court, for an Order directing.

     1.     That the Government disclose all 404(B) evidence it intends to introduce at the trial of this case;

     2.     Discovery, inspection of all materials in the possession of the Government favorable to the defendant pursuant to Brady v. v. Maryland, 373 U.S. 83 (1963).

     3.     That the trial of PAUL LOVE be served from that of his co-defendants pursuant to F.R.Cr.P.14;

     4.     That PAUL LOVE be permitted to join in the motions filed by co-defendants;

     5.     That the defense be permitted to file further motions.

Dated: Brooklyn, New York
       June 25, 2008

                                            Yours, etc.

                                            JULIE A. CLARK, ESQ.
                                            Attorney for Defendant
                                            32 Court Street, Ste. 707
                                            Brooklyn, NY 11201
                                            (718) 625-6888

TO:     UNITED STATES ATTORNEY
          SOUTHERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
UNITED STATES OF AMERICA,

       -against-

PAUL LOVE,
               Defendants.
---------------------------------------------------------X

S4 07 CR 3 (BSJ)

AFFIRMATION AND
MEMORANDUM OF LAW

       JULIE A. CLARK, a member of the Bar of this Court, affirms the following under penalty of perjury:

       That I am the attorney of record for the defendant PAUL LOVE and I am fully familiar with all the facts and circumstances as revealed by the file maintained in my office.

       I submit this affirmation and memorandum of law in support of various motions made by defendant PAUL LOVE.

## I. F.R.E. 404(B) MATERIAL

       The Government, upon information and belief, intends to introduce evidence concerning prior bad acts of the defendant Love at trial.

       The defense requests that the Government list any 404(B) evidence it will seek to introduce at trial. The defense also asks that the Government set forth the proposed reasons for the admissibility of such evidence.

       Fed. Rules Evid. Rule 403, 28 U.S.C.A., states that relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence". For evidence of other bad acts to be accepted, it must be established by a preponderance of the evidence.

United States v. DeVaughn, 601 f.2D 42 (2nd Cir. 1979); United States v. Peterson, 808 F.2d 959 (2nd Cir. 1987)

Love requests permission to respond to the Government's 404(B) requests once they have been disclosed to the defense.

## 2. BRADY MATERIAL

Under the principals initiated in Brady v. Maryland, 373 U.S. 83 (1963), the government must deliver to the defendant all evidence favorable to him bearing on any of the issues raised by the indictment or the government's proof at trial. Delay of production of this material until trial may make it of little use to the defense. If, for example, it is only at trial that defendant is informed that a witness absolved him of complicity of an act, it may be too late for defense counsel to find the witness. Pretrial discovery is necessary of any effective defense is to be had. United States v. Coppa, 267 D.3d 132 (2nd Cir, 2001).

## 3. SEVERANCE

Love moves, pursuant to F.R.Cr. P. 14, for an Order granting him a trial separate and apart from his co-defendants. The instant indictment charges Love with participating in a wide ranging conspiracy to distribute narcotics. He is charged with approximately 21 other co-defendants in this narcotics conspiracy that allegedly lasted 10 years. If Love is tried by himself, the trial would last approximately four days. However, if Love is tried with all his co-defendants, the trial will last four months and he will be unduly prejudiced by the spill over evidence contained in the numerous criminal acts unrelated to his case. The number of defendants and transactions placed before the jury

in a "mega-trial" will operate to deny Love a fair trial. United States v. Casamento, 887 D.2d 1141, 1149-4 (2nd Cir. 1989).

In the instant case numerous co-defendants are charged with racketeering and approximately six of those individuals are accused of committing murder. The evidence involved in the murder counts of the indictment has no direct bearing on Paul Love. The evidence admissible against the other defendants, particularly the murder charges is overwhelming prejudicial to Love and a separate trial should be held to avoid that prejudice. United States v. Dione, 954 F.2d 839, 843, (2nd Cir. 1991); United States v. Salameh, 152 F.3d 88, 115 (2nd Cir. 1998).

Love also requests permission to make further severance motions based upon the principles of Burton v. United States, 391 U.S. 123 (1968). The defense requests copies of all co-defendant statements that the Government intends to introduce at trial. Until these statements are provided, Love cannot determine if any Bruton issues exist.

### 4. LOVE REQUESTS PERMISSION TO JOIN IN THE MOTIONS OF HIS CO-DEFENDANTS

Currently, Love is joined in an indictment with 21 other defendants. He requests permission to join in those motions made by any similarly situated co-defendant applicable to him. These motions may include requests for severance and suppression of wire tapped conversations. This joinder will promote judicial economy, prevent unnecessary litigation and should be granted in the interest of justice. United States v. Feola, 651 F, Supp. 1068 (1987).

The defense also requests permission to file additional motions, i.e., possible suppression of statements and identifications when a formal motion schedule is set.

## 5. <u>OTHER MOTION</u>

Counsel has endeavored to bring all motions applicable at this time but request leave to bring any additional motions which may become necessary based upon the Government's response to the present motions or new facts uncovered by the defendant's ongoing investigation into this case. Based upon what tapes the Government may play at trial, the defense may request audibility hearings.

WHEREFORE, the defendant respectfully moves for the relief set forth herein, and for such other and further relief as the Court may deem just and proper.

Dated: Brooklyn, New York
       June 25, 2008

                                                                  Yours, etc.

                                                                  JULIE A. CLARK, ESQ.
                                                                  Attorney for Defendant
                                                                  32 Court Street, Ste. 707
                                                                  Brooklyn, NY 11201
                                                                  (718) 625-6888